RECEIVED
FEB - 3 2016
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| KEN WILLIAMS | CIVIL ACTION NO. 14-1037 |
| VERSUS | JUDGE DOHERTY |
| CHEVRON USA, INC., ET AL. | MAGISTRATE JUDGE WHITEHURST |

### MEMORANDUM RULING

Pending before the Court is the Motion for Summary Judgment [Doc. 33] filed by defendant Corrpro Companies, Inc. ("Corrpro"). In its motion, Corrpro argues it owed no duty to the plaintiff, Ken Williams, because the conduit over which the plaintiff tripped and fell on the deck of the platform on which he was working was open and obvious, and because no operational control was retained by Corrpro over the work activities of Bis Salamis, Mr. Williams's employer, under the operational control rule. Mr. Williams opposes the motion [Doc. 38] and Corrpro has filed a reply brief [Doc. 53]. For the following reasons, the motion for summary judgment is DENIED, this Court concluding there are genuine issues of material fact that prevent summary dismissal of the plaintiff's claims at this juncture.

I.  **Factual and Procedural Background**

The instant lawsuit arises out of an alleged accident sustained by plaintiff Ken Williams on May 29, 2013 when Mr. Williams, a relief foreman employed by Bis Salamis, allegedly tripped and/or slipped on metal conduit located on the deck of a fixed platform which was owned by Chevron and located on the Outer Continental Shelf off the coast of Louisiana. It is undisputed at the time of the accident, Chevron, the owner of the platform, had contracted with the plaintiff's

employer, Bis Salamis, to clean, sandblast, and paint the platform. It is also undisputed that Chevron, also, separately contracted with Corrpro to ensure the cleaning, sandblasting, and painting work of Bis Salamis was done according to Chevron's specifications. The following facts are also undisputed:

- On the date of the alleged accident, the Bis Salamis crew was cleaning the platform with a certain type of cleaner.

- Williams decided to go get another type of cleaner ("Rig Wash").

- The Rig Wash was located in another area of the platform.

- The plaintiff walked to the area where the Rig Wash was contained, filled his bucket, and was returning to his work area, he looked down, saw the metal conduit, and while attempting to step over it, caught his heel and tripped.

- No contractual relationship exists between Biz Salamis and Corrpro or Williams and Corrpro.

The Master Service Agreement ("MSA") between Chevron and Corrpro states:[1]

### 13. BUSINESS RELATIONSHIP

    13.1  **Independent Contractor.** The Services are provided by Contractor [Corrpro] as an independent contractor, and Contractor and the members of Contractor Group are not employees, agents or representative of Company [Chevron] or Company Group. Contractor has complete control, supervision and direction over its equipment and personnel, and over the manner and method of performance of the Services. Any instructions or directions of any kind given by Company do not relieve Contractor of its duties and obligations as an independent contractor.

In Exhibit B to the MSA between Chevron and Corrpro, entitled "Independent Contractor Health, Environmental and Safety Guidelines," the following provision appears:

---

[1] The contract between Chevron and plaintiff's employer, Bis Salamis, was not provided.

**13. HOUSEKEEPING**

> **13.1** Contractor [Corrpro] shall maintain good housekeeping at all times and keep all **work sites** clean, free from obstructions, and any other housekeeping practices that may be required by Company. Contractor shall mark and identify all tripping hazards.
>
> [ . . . ]
>
> **13.3** Contractor shall ensure that all ditches, holes, excavations, overhead work and other impediments connected with the Services are properly barricaded and are provided warning signs or lights where necessary.

(emphasis added).

The term "work sites" as used in Section 13.1 is an undefined term. The plaintiff argues the foregoing housekeeping provisions contained within Section 13.1 of the MSA between Chevron and Corrpro establishes an affirmative duty on the part of Corrpro to place barricades over any unsafe or hazardous conditions aboard the platform. The plaintiff alleges he was injured when he tripped over metal conduit that was lying on the deck of the platform in the vicinity of the rig wash tank where he was retrieving solution to clean the tank, because the area was not barricaded, a duty the plaintiff argues belonged to Corrpro. However, in its motion and reply brief, Corrpro argues the area where the plaintiff tripped and fell was not a work site within the intended meaning of Section 13.1 of the MSA, and the plaintiff had no reason to be in that area. Thus, Corrpro argues it owed no duty to the plaintiff to prevent the particular injury he allegedly sustained. In response, the plaintiff argues "regardless of whether plaintiff was supposed to be in that area, it was [Corrpro's] obligation to barricade it."

Under Louisiana law, the duties and obligations between and among the parties is primarily

governed by the language contained in the contract between the parties, here, primarily, the MSA between Chevron and Corrpro, that being the only contract that has been provided to this Court for its review. Importantly, however, the question of where the plaintiff went to retrieve the Rig Wash – and whether it was reasonable for him to do so and contemplated by his job duties with Chevron – is pivotal to the question of whether the area in which the plaintiff was injured is properly considered a "work site" under the contract and whether the plaintiff should have considered that area of the platform to be an area that was the responsibility of Corrpro. There is disputed testimony on both sides, the plaintiff arguing Greg Howe himself – Corrpro's inspector on the platform – testified he should have barricaded the area in question, and Corrpro arguing it had no obligation to do so, as the area was not a "work site." Thus, the question of whether the plaintiff should have gone to that particular area of the platform is pivotal to both the contractual question of whether Corrpro owed the plaintiff a duty to barricade the area, and under tort, as to whether it was reasonable for the plaintiff to go there to retrieve the Rig Wash and, if so, whether it is reasonable that Corrpro should have barricaded that area. There is, therefore, a dispute about whether it was contemplated the plaintiff should have been in the area where the accident occurred. If it were contemplated, perhaps the area could be considered part of the "work site" as that term is used in Section 13.1; if it were not contemplated, perhaps the area where the accident occurred would not be considered part of the "work site." Furthermore, the area contained within the "work site" is also relevant as to any possible tort duty and liability on the part of Corrpro.

Without knowing whether the plaintiff should have gone to the area where the accident occurred, this Court cannot know whether Corrpro had a duty to barricade the area in which the plaintiff was injured, either by way of contract or tort. And although Corrpro argues the plaintiff's

4

actions in going to that portion of the platform was "contrary to Chevron's specifications and Bis Salamis's job safety analysis," plaintiff's evidence seems to dispute this contention and this Court has been provided with no evidence as to those specifications - the contract between Chevron and Bis Salamis not having been provided to this Court, therefore, the manner in which the plaintiff was required to do his work *vis-a-vis Chevron* is not known to the Court. Thus, there remains a disputed fact as to how the plaintiff was to do his work and how or why plaintiff came to be where he was at the time he was injured, all of which is relevant to the contractual interpretation of "work site" and the tort allegations made, which precludes the Court granting defendant's relief at this time.

Defendant, also, however, argues the plaintiff's claims should be dismissed arguing the condition which plaintiff allegedly tripped over was open and obvious, and thus, the defendant is not subject to liability. In response, the plaintiff argues Corrpro had a duty pursuant to its contract with Chevron to barricade the dangerous condition on the platform; that before the accident, Corrpro's employee Greg Howe knew of the dangerous condition upon which the plaintiff tripped; and that despite his knowledge of the dangerous condition, Mr. Howe failed to barricade the dangerous areas – all of which create genuine issues of material fact as to the application of the legal principle argued. Thus, summary judgment in Corrpro's favor is precluded at this point.

Consequently, there remain genuine issues of material fact as to the facts underlying the obligations of the parties, both contractual and tort based, and as to the legal principle now argued. Plaintiff arguing the area in question should have been barricaded as a hazard, and if so, no accident could or would have occurred, and the defendant arguing, notwithstanding the issue of the barricade, that the condition was open and obvious, and therefore, Corrpro can have no liability.

This Court notes the contractual issue of whether Corrpro owed the plaintiff a duty to prevent

the injuries sustained is a question of law for the Court to decide. However, as this Ruling makes clear, there are underlying historical facts in dispute concerning the interpretation of the housekeeping provision of the MSA between Chevron and Corrpro. With respect to plaintiff's contractual claims, the foregoing is a matter of contractual interpretation, and such determination usually falls within the purview of the court. Counsel shall come to the pre-trial conference prepared to discuss whether they wish the jury to determine the underlying historical fact questions, and then the Court apply them to the interpretation of the contract, or whether other avenues should be explored.

For the foregoing reasons, the Motion for Summary Judgment [Doc. 33] filed by defendant Corrpro Companies, Inc. is DENIED, this Court concluding there are genuine issues of material fact regarding whether Corrpro owed a duty to protect the plaintiff from injury and, therefore, bears liability for the plaintiff's damages.

Lafayette, Louisiana, this 3rd day of February, 2016.

REBECCA F. DOHERTY
UNITED STATES DISTRICT JUDGE